IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| SECRETARY OF LABOR, | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-3068 |
| | ) | |
| RYA, INC., d/b/a EL POTRERO (Lincoln, NE), | ) | |
| AFJ, INC., d/b/a EL TORO MEXICAN | ) | |
| RESTAURANT (Hastings, NE), | ) | |
| AYR, INC., d/b/a EL TORO MEXICAN | ) | |
| RESTAURANT #2 (Grand Island, NE), | ) | |
| LA CACITA, INC., d/b/a EL POTRERO | ) | |
| (Kearney, NE), and | ) | |
| ALEJANDRO RODRIGUEZ, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), (hereinafter "the Act") to enjoin Defendants from violating the provisions of Sections 15(a)(2), and 15(a)(5) of the Act, including the restraint of any withholding of payment of minimum wages and overtime compensation found by the Court to be due employees under the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and by 28 U.S.C. § 1345.

1

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this district and because the Defendants reside in Nebraska by virtue of transacting business in Nebraska.

II

Defendant RYA, Inc. is a Nebraska corporation with its principal place of business in Lincoln, Nebraska within the jurisdiction of this Court. At all relevant times, Defendant RYA, Inc. has operated one or more restaurants doing business as El Potrero.

Defendant AFJ, Inc. is a Nebraska corporation with its principal place of business in Hastings, Nebraska within the jurisdiction of this Court. At all relevant times, Defendant AFJ, Inc. has operated one or more restaurants doing business as El Toro Mexican Restaurant.

Defendant AYR, Inc. is a Nebraska corporation with its principal place of business in Grand Island, Nebraska within the jurisdiction of this Court. At all relevant times, Defendant AYR, Inc. has operated one or more restaurants doing business as El Toro Mexican Restaurant #2.

Defendant La Cacita, Inc. is a Nebraska corporation with its principal place of business in Hastings, Nebraska within the jurisdiction of this Court. At all relevant times, Defendant La Cacita, Inc. has operated one or more restaurants doing business as El Potrero.

Defendant Alejandro Rodriguez resides in Nebraska, within the jurisdiction of this Court. Defendant Alejandro Rodriguez is an owner of Defendants RYA, Inc., d/b/a El Potrero (Lincoln, NE), AFJ, Inc., d/b/a El Toro Mexican Restaurant (Hastings, NE), AYR, Inc., d/b/a El Toro Mexican Restaurant #2 (Grand Island, NE), La Cacita, Inc., d/b/a El Potrero (Kearney, NE) and acts directly or indirectly in the interests of

Defendants in relation to their employees, and therefore, is an employer within the meaning of Section 3(d) of the Act.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(s)(1)(A) of the Act.

V

Since at least May 1, 2015, Defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay to certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour.

VI

Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since at least May 1, 2015 without compensating said employees for their

employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act, in that since at least May 1, 2015, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to Section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek by their employees, the wages paid, the total straight time and overtime earnings for each workweek, and the tips received with respect to certain of Defendants' employees.

VIII

Defendants have violated the aforesaid provisions of the Act alleged in paragraphs V-VII. . A judgment permanently enjoining and restraining the violations herein alleged in paragraphs V-VII, including the restraint of the continued withholding of unpaid minimum wages and overtime compensation due Defendants' employees, is specifically authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, who receive actual notice thereof, from violating the provisions of 15(a)(2), and 15(a)(5), including the restraint of any withholding of payment of unpaid minimum wage and overtime

compensation found by the Court to be due to Defendants' employees as the result of the violations alleged in paragraphs V and VI hereof, together with interest thereon from the dates when such amounts became due, and for such other further relief as may be necessary and appropriate.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraphs V and VI hereof.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

REQUEST FOR PLACE OF TRIAL

Pursuant to the Local Rule 40.1 of the Court, Plaintiff hereby requests that trial in this matter be set in Lincoln, Nebraska.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor

/s/ Rachel L. Parsons
Rachel L. Parsons
Senior Trial Attorney
MO Bar #36906
KS Bar #13991

5

2300 Main, Suite 1020
Two Pershing Square Building
Kansas City, MO 64108
(816) 285-7274
(816) 285-7287 (fax)
parsons.rachel@dol.gov

*U.S. Department of Labor*
*Attorneys for Plaintiff*

6